**NOT FOR PUBLICATION**

FILED

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARTA DE LOS ANGELES MERINO-DE RAMIREZ; DORA IVETTE RAMIREZ-MERINO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-70087 <br><br> Agency Nos. A209-900-105 <br> A209-900-104 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2023[**]
Pasadena, California

Before:  TASHIMA, CHRISTEN, and MILLER, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously finds this case  suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Petitioner Marta de Los Angeles Merino-de Ramirez and her minor daughter,[1] natives and citizens of El Salvador, petition for review of a decision of the Board of Immigration Appeals dismissing the appeal of a decision of the Immigration Judge ("IJ"), who denied their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

**1.** The agency's finding that Petitioner failed to establish either past persecution or a well-founded fear of future persecution is supported by substantial evidence. *See Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018) (explaining that the agency's legal conclusions are reviewed de novo and its factual findings for substantial evidence). Petitioner described no incidents of harm or threats, but only her generalized fear of the gang members outside her home and her fear of the gang members someday having another shootout with the police. Fear of "general crime and violence" alone typically "is not a basis on which relief will be granted." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be

---

[1] Petitioner's minor daughter's claims are derivative of her claims. For ease of reference, we will refer to the claims as Petitioner's alone.

free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Nor are the vague, unfulfilled threats against Petitioner's brother sufficient to establish persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021 ("[W]e have explained that although harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution, it must be part of a pattern of persecution closely tied to [Petitioner herself]." (internal quotation marks and citation omitted)); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (explaining that, although "credible 'death threats alone can constitute persecution,' . . . they constitute 'persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm'" (first quoting *Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000); and then quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)). Petitioner testified that gang members tried to force her brother to move out of his neighborhood, but she submitted no other evidence of suffering or harm

2. The agency did not err in finding that Petitioner failed to show that

her proposed social group of women who appear to be single was cognizable.[2] *See Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020) (reviewing de novo whether a proposed particular social group is cognizable). The country report Petitioner cites discusses the problem of violence against women but it does not specifically address the group of women who appear to be single.

Even if Petitioner's proposed group were cognizable, she failed to "establish a nexus between the feared harm and h[er] alleged membership in the proposed group." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021). As the IJ found, Petitioner presented no evidence that gang members targeted her because she is a woman who appears to be single, and she acknowledged in her application that she did not know why gang members tried to break into her house and she speculated that it was to rob her.

Because Petitioner has failed to establish eligibility for asylum, her claim for withholding of removal also fails. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum

---

[2]    Petitioner has waived her claim that her family is a cognizable social group because her brief addresses only the other proposed group. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996) (holding that petitioner waived issue by failing to address it in the opening brief). Even if the claim is not waived, the agency's findings that Petitioner failed to show that her family constitutes a distinct social group and to show that any harm was on account of her membership in her family are supported by substantial evidence.

4

necessarily fails to satisfy the more demanding standard for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal." (citation omitted)).

3. The agency's finding that Petitioner failed to establish eligibility for protection under CAT is supported by substantial evidence. Petitioner's citation of statistics about violence against women in El Salvador does not constitute evidence that she or her proposed social group, in particular, would be subject to harm amounting to torture if returned to El Salvador. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (stating that "generalized evidence" is "insufficient for protection under CAT").

The petition for review is **DENIED**.